

## NUMBER 13-23-00139-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

### IN THE INTEREST OF K.J., A CHILD

**On appeal from County Court at Law No. 5
of Nueces County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Benavides**

The trial court terminated Mother's parental rights to K.J.[1] based on findings that Mother executed an affidavit of voluntary relinquishment and that termination was in the child's best interest.[2] *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(K), (b)(2). By a single issue, Mother challenges the legal and factual sufficiency of the evidence to support the

---

[1] We refer to the child in this case and her mother by aliases. *See* TEX. R. APP. P. 9.8(b).

[2] The trial court also terminated the parental rights of K.J.'s presumed father. He has not appealed the trial court's decision.

trial court's best-interest finding. The Texas Department of Family and Protective Services (the Department) responds that Mother is statutorily precluded from raising this issue on appeal because her challenge to the termination order "is limited to issues relating to fraud, duress, or coercion in the execution of the affidavit." *Id.* § 161.211(c). Following the precedent established in *In re K.S.L.*, 538 S.W.3d 107 (Tex. 2017), we affirm.

## I. BACKGROUND

### A. Removal

K.J. was removed from Mother at birth after K.J. tested positive for marijuana and opiates. Mother was referred to family-based safety services but failed to complete any services. The Department did not seek to terminate Mother's parental rights at that time; however, Maternal Grandmother was eventually appointed as the child's permanent managing conservator.

Several years later, the Department received a report of negligent supervision regarding K.J. When the Department's investigator arrived at Maternal Grandmother's residence, she witnessed a physical altercation between Mother and Maternal Grandmother taking place in the front yard and in the presence of K.J. According to neighbors, this was a common occurrence. Responding officers believed that both women were under the influence and that Maternal Grandmother was high on methamphetamine. The Department removed K.J. from Maternal Grandmother's home and initiated this termination proceeding against Mother.

### B. Affidavit of Relinquishment

During the pendency of the case, Mother met with Department caseworker Ashley

Garza and broached the possibility of relinquishing her parental rights to K.J. According to Garza, Mother "decided to think about it" but returned to the Department's office approximately two months later and executed a voluntary affidavit of relinquishment. In between the first and second meetings, the trial court appointed counsel to represent Mother. Garza was aware of this fact but explained she did not think to contact Mother's counsel when Mother returned to execute the affidavit.

At a later hearing, the Department moved to admit the affidavit into the record. After executing the document, Mother apparently had a change of heart and instructed her counsel to contest the termination. Mother's counsel objected to the admission of the document on two grounds. First, he argued that, by failing to notify him, the Department violated Mother's due process rights because Mother did not have the benefit of her appointed counsel when she executed the affidavit. Second, he pointed out that the Department had previously voiced concerns about Mother's mental capacity due to her drug use. Counsel believed these circumstances called into question whether Mother executed the affidavit voluntarily and knowingly. The trial court decided not to admit the affidavit at that time and instructed counsel to further discuss the matter with his client, who was not present at the hearing.

## C.    Trial

Mother failed to appear at the final termination hearing. Her counsel informed the trial court that his recent attempts to contact Mother had been unsuccessful. Nevertheless, based on his last communication with Mother, counsel informed the trial court that the hearing would be contested.

The Department moved to introduce the affidavit again, and Mother's counsel reiterated his previous objections. The trial court overruled the objections and admitted the affidavit into evidence. The affidavit includes a sworn affirmation by Mother that "[t]ermination of the parent-child relationship is in the best interest of the child."

Afterwards, Garza testified about the circumstances surrounding Mother's execution of the affidavit. She acknowledged that, at one point in the case, the Department had concerns about Mother's mental capacity due to ongoing drug use. Garza believed, however, that Mother understood the consequences of signing the affidavit. She pointed out that Mother approached the Department about relinquishing her parental rights and then took time to consider the decision before finally returning, unprompted, to sign the affidavit. Garza further testified that Mother did not seem to be under the influence of drugs or under any duress when she signed the affidavit. The trial court also heard testimony from several witnesses about K.J.'s placement with a foster family, the family's intention to adopt K.J., and how that would be in the child's best interest.

## D.    Trial Court's Ruling

The Department asked the trial court to terminate Mother's parental rights based on her voluntary relinquishment, appoint the Department as the child's permanent managing conservator, and continue the child's placement with the foster family. Mother asked that her rights not be terminated. The trial court found by clear and convincing evidence that Mother executed a voluntary affidavit of relinquishment. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(K). The trial court also found by clear and convincing

4

evidence that terminating Mother's parental rights would be in the child's best interest. *See id.* § 161.001(b)(2). This appeal ensued.

## II. ANALYSIS

"Under the Family Code, a trial court may order termination of the parent-child relationship if the court finds by clear and convincing evidence that termination is in the best interest of the child and that the parent has executed a valid, irrevocable affidavit of relinquishment of parental rights." *In re K.M.L.*, 443 S.W.3d 101, 108 (Tex. 2014). It is the Department's burden to prove by clear and convincing evidence that the affidavit was voluntarily executed, and "[a]n involuntarily executed affidavit is a complete defense to a termination suit based on [this ground]." *Id.* at 113.

While a best-interest finding is normally susceptible to a legal and factual sufficiency challenge, *see In re E.N.C.*, 384 S.W.3d 796, 807 (Tex. 2012), the Legislature has determined that "[a] direct or collateral attack on an order terminating parental rights based on an unrevoked affidavit of relinquishment of parental rights . . . is limited to issues relating to fraud, duress, or coercion in the execution of the affidavit." TEX. FAM. CODE ANN. § 161.211(c). In other words, a parent appealing a termination order based on an affidavit of voluntary relinquishment is statutorily precluded from raising a sufficiency challenge to the trial court's best-interest finding. *In re K.S.L.*, 538 S.W.3d at 111, 112–15 (concluding that a "parent's willingness to voluntarily give up her child, and to swear affirmatively that this is in her child's best interest, is sufficient, absent unusual or extenuating circumstances, to produce a firm belief or conviction that the child's best interest is served by termination" and rejecting parents' argument that preventing them

5

from challenging the sufficiency of the best-interest determination violated their federal due process rights). Instead, "the parent may appeal on grounds that the affidavit was secured by fraud, duress, or coercion as provided by section 161.211(c), grounds directed at whether the parent's waiver of parental rights was knowing and voluntary." *Id.* at 115.

Here, although Mother objected to the introduction of the affidavit on grounds that it was not executed knowingly, she has not brought that issue forward on appeal. Rather, by her sole issue, Mother challenges the legal and factual sufficiency of the trial court's best-interest finding. As such, Mother has not presented anything for us to review. *See* TEX. FAM. CODE ANN. § 161.211(c); *In re K.S.L.*, 538 S.W.3d at 115; *see also In re N.A.O.*, No. 07-21-00247-CV, 2022 WL 518429, at *1–2 (Tex. App.—Amarillo Feb. 18, 2022, no pet.) (mem. op.) ("Mother's complaint about the sufficiency of the evidence [supporting the best-interest determination] does not implicate [fraud, duress, or coercion] and, thus, is not susceptible to consideration on appeal."). Mother's issue is overruled.

### III.    CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Delivered and filed on the
27th day of July, 2023.

6